Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8799 | **DATE** | 3/9/2004 |
| **CASE TITLE** | Balderrama vs. Kraft Foods | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for partial summary judgment on plaintiff's claim of retaliation.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 1 0 2004 | 102 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | JXM | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3/9/2004 | |
| | | date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

DOCKETED
MAR 1 0 2004

MARIA BALDERRAMA,                )
                                 )
              Plaintiff,         )
                                 )
    v.                           )   No.  02 C 8799
                                 )
KRAFT FOODS NORTH AMERICA, INC.  )
and NABISCO INC.,                )
                                 )
              Defendant.         )

### MEMORANDUM OPINION AND ORDER

Plaintiff Maria Balderrama was initially employed by defendant Kraft Foods North America, Inc. ("Kraft") in April 1991 as a mixer. Ms. Balderrama, also known as Maria Boyd, alleges that from 2000 until 2002, she was subjected to persistent sexual harassment from her co-workers. Ms. Balderrama further alleges that she reported the sexual harassment to Kraft's Human Resources department in February and March 2002, but that nothing was done. Ms. Balderrama filed a charge of sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on April 17, 2002. Ms. Balderrama alleges Kraft gave her a written warning in retaliation for filing her EEOC charge. Kraft moves for partial summary judgment on Ms. Balderrama's claim of retaliation. The motion is granted.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material

fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c).

Ms. Balderrama presents no direct evidence of retaliation. She must, therefore, establish a *prima facie* case of retaliation using a framework based on *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). She must show that (1) she complained of discrimination; (2) she was subjected to an adverse employment action; and (3) similarly-situated employees were not subjected to the adverse employment action. *Stone v. City of Indianapolis Public Utilities Div.*, 281 F.3d 640, 642 (7th Cir. 2002). If she does so, Kraft can present evidence of a non-discriminatory reason for the action. *Id.*

Kraft does not dispute that Ms. Balderrama complained of discrimination, but argues that she cannot establish that she was subjected to an adverse employment action. Ms. Balderrama claims that the written warning she was given constitutes such an action. The standard for adverse employment actions in a retaliation setting is less demanding than the standard in a discrimination case. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901-02 (7th Cir. 2003). However, the law is clear that a warning or performance evaluation does not amount to an adverse employment action. *Id.* at 902. The action must be a "significantly negative

alteration in [her] workplace environment." *Volovsek v. Wisconsin Dept. of Agriculture*, 344 F.3d 680, 688 n.5 (7th Cir. 2003).

Ms. Balderrama argues that even if the warning alone is not sufficient to constitute such an action - which it is not - the investigation that led up to the warning is. Ms. Balderrama did not include the investigation in her EEOC charge or in her complaint. This omission would normally prevent her from bringing this claim. *Sitar v. Indiana Dept. of Transportation*, 344 F.3d 720, 726 (7th Cir. 2003). However, the investigation is so closely linked to the written warning Ms. Balderrama received that a claim about the investigation could be "reasonably expected to grow out of an EEOC investigation of the charges" she did include. *Id.*

The investigation Ms. Balderrama refers to is the investigation undertaken by Kraft after her complaint of sexual harassment. When that investigation led to accusation from co-workers that Ms. Balderrama had engaged in sexually harassing behavior, Kraft was bound to investigate those claims as well. "Regular and legitimate" employer conduct, even if the employee is embarassed as a result, is not actionable under Title VII. *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000). Kraft investigated the claims against Ms. Balderrama, just as it had investigated the claims made by Ms. Balderrama. Such investigations, evenly administered no matter who has made the complaint, do not rise to the level of "conditions of employment

that are designed to harass and humiliate employees." *Id*. Even in combination with the written warning she received, this investigation is not an adverse employment action. As Ms. Balderrama fails to present a *prima facie* claim of retaliation, I grant Kraft's motion for summary judgment on this claim.

ENTER ORDER:

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: March 4, 2004